UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Kevin Herman Larson,

            Plaintiff,

vs.                   REPORT AND RECOMMENDATION

Lori Swanson, and numerous
employees of Minnesota,

            Defendants.      Civ. No. 09-2270 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Kevin Herman Larson, for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants. For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that the action be summarily dismissed.

II. Factual and Procedural Background

In 1992, the Plaintiff was convicted of second degree criminal sexual conduct, in violation of Minnesota Statutes Section 609.343, Subdivision 1(a). See, State v. Larson, 2008 WL 5396820 at *1 (Minn.App., December 30, 2008), rev. denied (Minn., March 17, 2009). Since 2004, the Plaintiff has been convicted three (3) times for failing to register as a predatory offender, in violation of Minnesota Statutes Section 243.166. Id.[1]

The Plaintiff was incarcerated at the Minnesota Correctional Facility, in Rush City, Minnesota, when he prepared his current Complaint. At that time, the Plaintiff apparently was serving a sentence for one (1) or more of his failure-to-register convictions. However, the Minnesota Department of Corrections has informed the Clerk of Court that the Plaintiff was released from prison on August 27, 2009 -- one day before this action was filed. Therefore, for present purposes, the Plaintiff will be

---

[1] According to the Minnesota Court of Appeals, a Carlton County Jury convicted the Plaintiff of two (2) Counts of failing to register in 2006, and he has previously been convicted on similar charges, in 2004, in Cass County, and in 2006 in Carlton County. See, State v. Larson, 2008 WL 5396820 at *1 (Minn.App., December 30, 2008), rev. denied (Minn., March 17, 2009), citing State v. Larson, 2006 WL 618857(Minn.App., March 14, 2006), rev. denied, (Minn., May 16, 2006); State v. Larson 2007 WL 2993608 (Minn.App., October 17, 2007), rev. denied (Minn. Dec. 19, 2007).

treated as a non-prisoner, who is not subject to the Prison Litigation Reform Act of 1995.[2]

The Plaintiff is presently attempting to sue the Attorney General of the State of Minnesota, Lori Swanson ("Swanson"), and "numerous employees of Minnesota," under Title 42 U.S.C. §1983.  He claims that the Defendants are violating the Thirteenth Amendment's prohibition against slavery, and involuntary servitude, by requiring him to comply with Minnesota's predatory offender registration law.  As might be expected, this Thirteenth Amendment slavery claim is based on a rather convoluted argument.

The Plaintiff's argument begins with a simple and acceptable premise -- namely, that the purpose of Minnesota's predatory offender registration law is to help Minnesota law enforcement officials identify, and apprehend, criminals.  It follows, the Plaintiff contends, that when a person is required to register as a predatory offender, he is actually being compelled, without any compensation, to help law enforcement officials perform their jobs.  According to the Plaintiff, a person who is

---

[2]Since we have determined that the Plaintiff's Complaint is fatally defective, his status as a prisoner, or as a non-prisoner, has no bearing on the outcome of this case.

required to register as a predatory offender is actually being forced to "work" for the State against his will, and without pay, in violation of the Thirteenth Amendment.

The Plaintiff contends that the predatory offender registration forms are really implied in the law labor contracts. He further contends that the State cannot compel him to sign such a form, and thereby, enter into a labor contract with the State -- especially if he receives no compensation for his labor.

The Plaintiff is seeking a Judgment against the Defendants, which would: 1) prohibit the State from forcing him to register as a predatory offender; and/or 2) compensate him for the labor he must render to the State as a registered offender.

### III. Discussion

An IFP Application will be denied, and the action will be dismissed, when an IFP applicant has filed a pleading that fails to state a claim upon which relief can be granted. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).

To state a claim under Title 42 U.S.C. §1983, as the Plaintiff is attempting to do here, a claimant must allege, and ultimately prove, that the Defendants violated the Constitution while acting under color of State law. See, Hart v. City of Little Rock, 432 F.3d 801, 804 (8th Cir. 2005), cert. denied, 547 U.S. 1207 (2006)(to state an

actionable Section 1983 civil rights claim, a plaintiff must show "'(1) [a] violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right'"), quoting Kuha v. City of Minnetonka, 365 F.3d 590, 606 (8th Cir. 2003), quoting, in turn, Shrum v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001); see also, West v. Atkins, 487 U.S. 42, 48 (1988)(to state a cause of action under Title 42 U.S.C. §1983, the plaintiff must allege facts showing that the named defendants violated his Constitutional rights while acting under color of State law).

Here, the Plaintiff claims that the Defendants are violating the Thirteenth Amendment to the Federal Constitution, by requiring him to register as a predatory offender under Minnesota law. We cannot agree. Section 1 of the Thirteenth Amendment states as follows:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

The Supreme Court has held that the Thirteenth Amendment is applicable to "'those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results.'" United States v. Kozminski, 487 U.S. 931,

942 (1988), quoting <u>Butler v. Perry</u>, 240 U.S. 328, 332 (1916).  Based upon this narrow interpretation of the Thirteenth Amendment, Federal Courts have consistently rejected "slavery" and "involuntary servitude" claims that are based upon circumstances that are not truly "akin to African slavery."

For example, compelling an attorney to do <u>pro bono</u> work does not violate the Thirteenth Amendment.  See, <u>United States v. Bertoli</u>, 994 F.2d 1002, 1022 (3rd Cir. 1993)("A requirement that an attorney perform uncompensated service after entering an appearance in a criminal matter does not evoke in our minds the burdens endured by the African slaves in the cotton fields or kitchens of the antebellum south."); <u>United States v. 30.64 Acres of Land</u>, 795 F.2d 796, 801 (9th Cir. 1986)(lawyers have a "duty of public service," which is "a condition of practicing law," and not "involuntary servitude under the thirteenth amendment").  Likewise, a County's mandatory recycling program does not enslave county residents, in violation of the Thirteenth Amendment.  See, <u>Wright v. Clark County, Ind.</u>, 1997 WL 764387 at *1 (7th Cir., December 5, 1997)("Separating out recyclables from ordinary trash" is not comparable to the pre-Civil War slavery of African-Americans in the South).  A mandatory community service program, which is established by a public high school, is also not considered to be slavery, or involuntary servitude, that is barred by the

Thirteenth Amendment.  See, Steirer by Steirer v. Bethlehem Area School Dist., 987 F.2d 989, 1000 (3rd Cir. 1993)("There is no basis in fact or logic which would support analogizing a mandatory community service program in a public high school to slavery."), cert. denied, 510 U.S. 824 (1993).

The simple truth is that predatory offender registration bears no meaningful resemblance to the American experience with slavery in the 1800's.  Registering as a predatory offender is more akin to a civic duty, comparable to a draft registration -- which is not barred by the Thirteenth Amendment.  See, Arver v. United States, 245 U.S. 366, 390 (1918); Butler v. Perry, supra at 333 (the Thirteenth Amendment "certainly was not intended to interdict enforcement of those duties which individuals owe to the state, such as services in the army, militia, on the jury, etc.").

Based upon our survey of apposite Federal caselaw, we find it is clear, as a matter of law, that being required to register as a predatory offender cannot be considered a form of forced labor that constitutes slavery, or involuntary servitude, under the Thirteenth Amendment.  Therefore, the Plaintiff's Complaint fails to state an actionable Section 1983 Thirteenth Amendment claim.  Since the Plaintiff has failed to plead a claim upon which relief can be granted, we recommend that the

Plaintiff's IFP Application be denied, and that this case be summarily dismissed, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> [Docket No. 2] be denied.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

Dated: September 8, 2009         *s/Raymond L. Erickson*
                                 Raymond L. Erickson
                                 CHIEF U.S. MAGISTRATE JUDGE

### NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 25, 2009**, a writing which specifically identifies those portions of the

Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **September 25, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.